**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| King Solomon Sekhemre El Neter, | Case No.: 2:24-cv-02139-APG-MDC |
| Petitioner | **Order Dismissing the § 2241 Habeas Corpus Petition Without Prejudice** |
| v. | |
| Ronald Oliver, | [ECF No. 1] |
| Respondents | |

Petitioner King Solomon Sekhemre El Neter,[1] a *pro se* Nevada prisoner, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1). On initial review under the Habeas Rules, I dismiss the petition without prejudice and direct the Clerk of the Court to close this case.

**I.     Discussion**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Here, the petition is subject to multiple defects. To state a claim a habeas petitioner must demonstrate that he is entitled to release from confinement because he is "in custody in violation

---

[1] According to the state corrections department's inmate locator page, Petitioner's name is Solomon Michael Brooks. *See* https://ofdsearch.doc.nv.gov/form.php. At the end of this order, the Court directs the Clerk of the Court to add Solomon Michael Brooks as an alias to the docket sheet under Petitioner's name.

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). First, to the extent that Petitioner is challenging his Nevada state court conviction, he must file a habeas petition under 28 U.S.C. § 2254. Section 2241 is the proper basis for a habeas petition by a state prisoner who is not held "pursuant to the judgment of a State court," for instance a pre-trial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal. *See Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007).

Second, the petition is nearly inscrutable. As best I can tell, it does not set forth any potentially meritorious claim that his custody violates federal law. Third, Petitioner has not alleged or demonstrated that he properly and fully exhausted his state court remedies. A state defendant seeking federal habeas relief must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts. *E.g.*, *Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court). The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). As a general rule, a federal court will not entertain a petition seeking intervention in an ongoing state criminal proceeding absent extraordinary circumstances, even when a petitioner's claims were otherwise fully exhausted in the state courts. *E.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).

To the extent that Petitioner is challenging his Nevada state convictions, he must file a petition under 28 U.S.C. § 2254. Further, Petitioner has failed to exhaust his state court remedies.

## II. Conclusion

I THEREFORE ORDER:

1. Petitioner King Solomon Sekhemre El Neter's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is dismissed without prejudice.

2. The Clerk of the Court is directed to add Solomon Michael Brooks as an alias on the docket sheet under Petitioner's name.

3. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk will make informal electronic service upon the respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.  No response is required from respondents other than to respond to any orders of a reviewing court.

4. The Clerk of the Court is directed to enter judgment accordingly and close this case.

5. A certificate of appealability is denied because jurists of reason would not find debatable whether the Court is correct in dismissing this action.

DATED this 21st day of November, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE